4 F.3d 988
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Frazer Arthur WHEELER, Defendant-Appellant.
 No. 92-5799.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: August 20, 1993.
Decided: September 7, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.
 Charles David Whaley, Morchower, Luxton & Whaley, for Appellant.
 S. David Schiller, Office of the United States Attorney, for Appellee.
 E.D.V.A.
 AFFIRMED
 Before WILKINS and LUTTIG, Circuit Judges, and BUTZNER, SeniorDJ1 PER CURIAM:
 
 OPINION
 
 1
 Following a guilty plea, Frazer Arthur Wheeler was convicted on two counts of transporting stolen airplanes in interstate commerce in violation of 18 U.S.C. Sec. 2 (1988) and 18 U.S.C.A. Sec. 2312 (West 1969 & Supp. 1993). He was sentenced to concurrent thirty month prison terms on each count, to be served consecutively to an undischarged state prison sentence in Florida. He appeals his sentence. Wheeler's attorney has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967), raising one issue but indicating that, in his view, there are no meritorious issues for appeal. Wheeler has filed a supplementary pro se brief.
 
 
 2
 Wheeler's counsel raised the question of whether the trial court abused its discretion by ordering Wheeler's federal sentence to run concurrently to his existing Florida state sentence. This also is the sole issue raised in Wheeler's supplementary pro se brief. We find no abuse of discretion. Under 18 U.S.C. Sec. 3584(a) (1988), if a prison term is imposed on a defendant who already is subject to an undischarged prison term, the terms generally may run consecutively or concurrently. The court shall consider several factors in deciding whether to impose consecutive or concurrent terms, including the applicable Federal Sentencing Guidelines provisions. 18 U.S.C. Secs. 3553(a)(4), 3584(b) (1988). Under United States Sentencing Commission, Guidelines Manual Sec. 5G1.3 (Nov. 1992), if the instant offense was committed while the defendant was on escape status from another prison term, the new prison term should run consecutively to the undischarged prison term. Wheeler committed his federal crimes after escaping from custody in Florida where he was serving a state sentence for organized fraud. Thus, the district court did not exceed its discretion by running consecutively Wheeler's federal and state prison terms.
 
 
 3
 In accordance with the requirements of Anders, we have examined the entire record in this case and find no other meritorious issues for appeal. We deny counsel's Motion to Withdraw as Counsel of Record. Pursuant to the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act of 1964 (18 U.S.C.A. Sec. 3006A (West 1984 & Supp. 1993)), this Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court for further review. If requested by his client to do so, counsel should prepare a timely petition for a writ of certiorari.
 
 
 4
 The judgment of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED